MEMORANDUM **
The United Steel Workers (the “Union”) petitions for review of the National Labor Relations Board’s (the “Board”) reversal of the Administrative Law Judge’s (the “ALJ”) determination that Allied Mechanical (“Allied”) committed unfair labor practices. We have jurisdiction pursuant to 29 U.S.C. § 160(f), and we grant the petition in part and deny the petition in part.
In Allied Mechanical v. United Steel Workers (“Allied I”), 343 NLRB 631 (2004), the Board concluded that in early 2003 Allied committed various unfair labor practices in violation of §§ 8(a)(1) and (3) of the National Labor Relations Act (“NLRA”) and ordered Allied to take a number of remedial measures. Marcelo Pinheiro, a machinist for Allied and an active union supporter, was one of the targets of Allied’s unfair labor practices.
In Allied Mechanical v. United Steel Workers (“Allied II”), 349 NLRB 1327 (2007)&emdash;the decision we now review&emdash;the Board considered a new round of actions by Allied against Pinheiro that the ALJ found to be unfair labor practices. The Board affirmed the ALJ’s conclusion that Allied violated the NLRA when it denied Pinheiro’s request, made shortly after his recall, to be transferred to the night shift. The Board reversed the ALJ’s conclusions that the September 5, 2003 disciplinary action notice (“DAN”) issued to Pinheiro as well as Pinheiro’s suspension and subsequent termination in October 2003 constituted unfair labor practices. The Board held that Allied would have issued the DAN and would have suspended then fired Pinheiro even absent Pinheiro’s union activities. We review for substantial evidence. See Dash v. NLRB, 793 F.2d 1062, 1066 (9th Cir.1986).
We deny the petition as to the September 5 DAN, which Allied issued to Pinheiro based upon three discrepancy reports ("DR") received over the span of a week in late August. Allied put forward evidence that DANs have been previously issued to other employees after only a single DR, and Pinheiro admitted that he was entirely responsible for the error that led to one of his three DRs. Substantial evidence supports the Board's conclusion that Allied would have issued the DAN even absent the claimed anti-union animus.
We grant the petition as to Pin-heiro's suspension and termination. The Board affirmed the AU's credibility findings and "specifically affirm[ed] the judge's demeanor-based credibility determination concerning the testimony of employee Marcelo Pinheiro." The AU found, after crediting certain testimony, that Pinheiro's outburst was made in frustration, and not in anger directed at Pinheiro's supervisor. In arriving at the totally opposite conclusion, the Board disregarded the AU's credibility and factual findings on this issue and recharacterized the facts.[1] The Board's error infected its analysis, including its crucial determination that Allied's termination of Pinheiro *583 was on par with Allied’s responses to the much more egregious behavior of three other employees. Notably, two of those employees were not automatically terminated, even for more egregious behavior, and substantial evidence does not support the comparison of the terminated employee with Pinheiro’s circumstances.
The Union argues that we may overturn the Board’s decision on the alternate ground that Pinheiro’s outburst was made in the context of discussing terms and conditions of employment with his supervisor. We do not have jurisdiction to review this ground because it was not argued to the Board. See NLRB v. Int’l Bhd. of Elec. Workers, Local 11, 772 F.2d 571, 574 n. 1 (9th Cir.1985) (citing 29 U.S.C. § 160(e)).
GRANTED IN PART, DENIED IN PART, AND REMANDED. Each party shall bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The dissent fails to appreciate that the ALJ not only found that Pinheiro's outburst was made in frustration; significantly, the ALJ also found that the statement was not made in anger directed at his supervisor. Although the dissent chooses to highlight what was *583 without doubt foul language, as the parties know, there was evidence that profane language was commonplace at the worksite and that Pinheiro's single comment paled in comparison to the conduct of other disciplined employees. Additionally, like the employee who was not terminated for mouthing off at his supervisor because Allied suspected the supervisor provoked the employee, mitigating circumstances exist for Pinheiro.